## MARY HODGES AND SARAH L. YOUNG v. MARY COOK AND BURTON H. LANG.

*Deed—Delivery—Mental competency of grantor—Undue influence.*

This case involves questions of fact purely, and the decree setting aside a deed from a husband to his wife at the suit of his daughters, who claim that their father was mentally incompetent and unduly influenced, and that the deed was never delivered, is reversed.

Appeal from Branch. (Loveridge, J.) Argued October 27, 1892. Decided December 2, 1892.

Bill to set aside a deed. Defendant Cook appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*William E. Ware* and *John S. Evans,* for complainants.

*Alvin T. Lanphere (Austin Blair,* of counsel), for appellant.

LONG, J. The bill in this case was filed January 16, 1890, to set aside a deed made by Zimri Cook in his lifetime. Mary Hodges, a daughter, filed the bill originally, but subsequently Sarah L. Young, the other daughter, joined in it as complainant. They are the only heirs at

93 MICH.—37.

law of Zimri Cook. Burton H. Lang is the son of Mary Hodges. Mary Cook is the widow of the deceased.

Zimri Cook died December 29, 1889, at his home. in Branch county, at the age of about 80 years. He was married to the defendant Mary Cook April 20, 1881. He made a will September 19, 1883, giving his wife all his personal property and a life interest in his real estate, with the remainder over, after the payment of a legacy to defendant Burton H. Lang and some other legacies, to his two daughters above named. On February 19, 1889,—about 11 months before he died,—he made a deed, which is now sought to be set aside, conveying to his wife the title in fee to his real estate, consisting of 80 acres of land in Branch county.

But three questions are raised:

1. Was Zimri Cook, when he made this deed, mentally competent to make a valid deed?

2. Was he induced to make it by undue influence?

3. Was the deed delivered to the defendant Mary Cook in the lifetime of the grantor?

The court below entered a decree in favor of the complainants, setting aside the deed. Upon what ground this ruling was made is not shown. We are not advised whether the court found that the deed was not actually delivered, or whether that court came to the conclusion that the grantor was mentally incompetent to make it, or placed it upon the ground of undue influence. We have frequently said that, where the court below had an opportunity to see the witnesses and hear the testimony, it would have great weight with us in determining questions of fact. In the present case the testimony was not taken in open court, but before a commissioner. The court, therefore, determined the rights of the parties upon the record now before us, and with no greater advantage. We have examined the record with great care. Nearly 250 pages

of testimony are contained in it. The questions involved are purely of fact. Many witnesses on each side were called upon the questions raised.

At the time of the marriage of Zimri Cook with the defendant he was about 70 or 71 years of age, and possessed of some considerable personal property and this farm. Mrs. Cook had been previously married, and had two children. She was at that time about 42 years of age, and lived upon a farm left her by her former husband, in Branch county. It is shown by many witnesses that at the time of the marriage Mr. Cook talked about deeding the farm to his wife. Upon numerous occasions after the marriage he stated to a large number of his neighbors and friends that he had given his daughters all he intended to; that they had had their share of his property; that he intended his wife, Mary, should have the farm. This was both before and after the will was made. Some time after the will was made he became quite ill from erysipelas, and the record shows that his wife was very kind and attentive to him. He frequently spoke of this to his neighbors, and told them he intended to give her the farm.

On the day the deed was drawn he sent for George A. Russell, a justice of the peace, to draw it. Mr. Russell found him in bed, suffering from another attack of erysipelas, but he said he had been up that day, and got up again while Mr. Russell was there. He told Mr. Russell he wanted a deed drawn, conveying the farm to his wife. Mr. Russell prepared it, read it over to him, and he signed it. Other persons were there, who witnessed it. After its execution, Mr. Russell asked him if he would take it, and he said: "Give it to Mary. She will take care of it." Mr. Russell put the deed in an envelope, and gave it to Mary Cook. This testimony was corroborated by other witnesses, and we are convinced from the whole testimony that the deed was delivered to the defendant by Zimri

Cook with intent to have it take effect as a conveyance of the farm to her. This is not only shown by the several witnesses who were there on that occasion, but by statements made by Mr. Cook before that time, as to what disposition he intended to make of his property, and his claim that his life had been saved by the care and attention bestowed upon him by his wife, and his desire to fulfill the promise made to her at the time of their marriage.

The record is replete with testimony showing the care bestowed upon him by his wife for the eight years and upwards she had lived with him as his wife. It is apparent that she was a kind and loving wife, and ministered to all his wants in every way possible. It is also evident that he believed that he had done for his daughters all that they had a right to ask under the circumstances. At the time of his marriage he was alone in the world. His daughters were married, and had families of their own, and one of them lived in a distant state. The outcome of his marriage was a happy one, and there is nothing strange in his making the disposition of the farm which he did.

There is some testimony having a tendency to show that the deed was not actually delivered. We have examined it, and think that the whole testimony, taken together, in connection with the surrounding circumstances, strongly preponderates in favor of the delivery of the deed to the defendant. After the decease of Mr. Cook she put it upon record.

While it is true that Zimri Cook was nearly 80 years of age at the time the deed was made, yet the testimony shows that he had been in the habit of attending to his own business affairs. He had always been a man of more than ordinary physical force, and of strong mind. His sickness had to some extent impaired his physical strength, but the officer who drew the deed and many other wit-

nesses testify that on the day the deed was executed he was as bright and intelligent as ever. He got up out of his bed, and after the execution of the deed talked with the officer about his (the officer's) afflictions. Mr. Russell had a broken leg, and the old man inquired about this, and talked of other matters with his customary clearness of mind. People who were accustomed to see him constantly were also called as witnesses, and testified that he was mentally a strong man. We discover nothing in the record to evidence that he was not competent to make the deed.

That he was unduly influenced to make the deed is certainly not proven, and, in fact, the only claim on the part of the complainants that it was procured by undue influence is that a will was made in 1883, giving his wife a life interest in the farm, and that it must have been through undue influence that he changed his mind, and conveyed to her the fee by the deed. It will be remembered that the sickness of Mr. Cook was after the will was made. When he had partially recovered from his trouble he recognized the services which his wife had performed, and the kind and loving treatment he had received; and it is not strange that he desired to compensate her. There is nothing in the record which can be claimed as showing any undue influence, which would induce a court to set aside this deed upon that ground.

We are satisfied upon the whole record that complainants have failed to make out the case stated in their bill.

The decree of the court below must be set aside, and a decree entered here dismissing the bill of complaint, with costs of both courts.

The other Justices concurred.